FILED

October 08, 2009

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002143021

1  STEVEN W. PITE (CA SBN 157537)
   DAVID E. McALLISTER (CA SBN 185831)
2  KATHERINE L. JOHNSON (CA SBN 259854)
   PITE DUNCAN, LLP
3  4375 Jutland Drive, Suite 200
   P.O. Box 17933
4  San Diego, CA 92177-0933
   Telephone: (858)750-7600
5  Facsimile: (619) 590-1385

6  Attorneys for WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR
            THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE
7           INVESTMENTS II INC., GREENPOINT MTA TRUST 2006-AR1,
            MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR1

8

9                    UNITED STATES BANKRUPTCY COURT

10          EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

11

12 | In re | Case No. 09-36201 |
   | TOMIYA OMESHA GAINES, | Chapter 7 |
13 |  | |
   | Debtor(s). | D.C. No. PD-1 |
14

15 |  | MOTION FOR RELIEF FROM AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (11 U.S.C. § 362 and Bankruptcy Rule 4001) |

16

17

18 | WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., GREENPOINT MTA TRUST 2006-AR1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR1, | LBR 4001-1 and 9014-1(f)(1) |
   |  | DATE:    November 9, 2009 |
19 |  | TIME:    9:00 a.m. |
   |  | CTRM:    28 |
20 |  | |
   |  | 501 "I" Street |
21 |  | Sacramento, CA 95814 |

22                Movant,

23         vs.

24 TOMIYA OMESHA GAINES, Debtor(s);
   GARY FARRAR, Chapter 7 Trustee,
25
           Respondents.
26

27

28      Wells Fargo Bank, National Association as Trustee for the Certificateholders of Structured

   Asset Mortgage Investments II Inc., GreenPoint MTA Trust 2006-AR1, Mortgage Pass-Through

                                    -1-

Certificates, Series 2006-AR1 ("Movant"), moves this court for an order terminating the automatic stay of 11 U.S.C. § 362 as to Movant, so that Movant may commence and continue all acts necessary to enforce its security interest in real property generally described as 10869 Tank House Drive, Stockton, California 95209.

On or about July 31, 2009, Tomiya Omesha Gaines ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and Gary Farrar was appointed as Chapter 7 Trustee. As a result of said filing, certain acts and proceedings against Debtor and the bankruptcy estate are stayed as provided in 11 U.S.C. § 362.

Movant moves this court for relief from stay under 11 U.S.C. §§ 362(d)(1) and 362(d)(2).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(2).

### NO EQUITY

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

In <u>In re San Clemente Estates</u>, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:
> § 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, <u>even where</u> the debtor can provide adequate protection under § 362(d)(1). (Emphasis added).

Id. at 610 (emphasis added).

In <u>In re Mikole Developers, Inc.</u>, 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981), the court stated that in determining whether equity exists in the property for purposes of § 362(d)(2), all encumbrances are totalled, whether or not all the lienholders have joined in the request for relief from stay. The Ninth Circuit has concurred with this view in <u>Stewart v. Gurley</u>, 745 F.2d 1194 (9th Cir. 1984).

An appropriate cost of sale factor should also be added to determine if the debtor has any

equity in the property. <u>La Jolla Mortgage Fund v. Rancho El Cajon Associates</u>, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982).

On or about September 14, 2005, Debtor, for valuable consideration, made, executed and delivered to GreenPoint Mortgage Funding, Inc. ("Lender") a Note in the principal sum of $622,600.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments commencing November 1, 2005, and continuing until October 1, 2045, when all outstanding amounts are due and payable. The Note provides that, in the event of default, the holder of the Note has the option of declaring all unpaid sums immediately due and payable. A true and correct copy of the Note is attached to the concurrently served and filed Exhibits to the Declaration in Support of Motion for Relief From Automatic Stay ("Exhibits") as exhibit A and incorporated herein by reference.

On or about September 14, 2005, the Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in real property commonly described as 10869 Tank House Drive, Stockton, California 95209 (the "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtor's bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on September 23, 2005, in the Official Records of San Joaquin County, State of California. A true and correct copy of the Deed of Trust is attached to the Exhibits as exhibit B and incorporated herein by reference.

Subsequently, Lender's beneficial interest in the Note and the Deed of Trust was sold, assigned and transferred to Movant. A true and correct copy of the Corporation Assignment of Deed of Trust evidencing the Assignment of the Note and Deed of Trust to Movant is attached to the Exhibits as exhibit C and incorporated herein by reference.

The obligation under the Note is in default as of June 1, 2008, for failure to make payments to Movant. As of September 28, 2009, the total obligation due and owing under the Note is in the approximate amount of $752,635.76, representing the principal balance of $684,100.53, interest in the sum of $48,644.55, late charges in the amount of $1,078.00, recoverable balance in the amount of $3,167.00, NSF charges in the amount of $25.00, and escrow advances of $15,620.68. This is an

approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. Moreover, the total arrears under the Note are in the approximate sum of $92,432.92, excluding the post-petition attorneys' fees and costs incurred in filing the instant Motion.

**II.**

**RELIEF FROM STAY**

**LACK OF EQUITY**

Movant is informed and believes that, based on the Debtor's bankruptcy Schedules and Statements, the fair market value of the Property is approximately $384,000.00. True and correct copies of the Debtor's bankruptcy Schedules "A" and "D" are collectively attached to the Exhibits as exhibit D and incorporated herein by reference.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $384,000.00 |
| Less: | |
| Movant's Trust Deed | $752,635.76 |
| Bac Home Lns Lp/Ctrywds Trust Deed | $77,623.00 |
| Costs of Sale (8%) | $30,720.00 |
| Equity in the Property: | $<476,978.76> |

As a result, there is little to no equity in the Property for the bankruptcy estate. Moreover, since this is a Chapter 7 proceeding, there is no reorganization in prospect. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

**III.**

**MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1).**

**CAUSE - LACK OF ADEQUATE PROTECTION**

Pursuant to the provisions of 11 U.S.C. §§ 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash

-4-

1 payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to

2 Movant, including all attorneys' fees and costs incurred in the filing of this motion.

3 Movant is informed and believes that Debtor is presently unwilling or unable to provide

4 adequate protection to the Movant and there is no probability that adequate protection can be

5 afforded to Movant within a reasonable time.

6 By reason of the foregoing, Movant is entitled to relief from stay under 11 U.S.C.

7 § 362(d)(1), based upon the failure of Debtor to provide adequate protection to Movant.

8 WHEREFORE, Movant respectfully prays for an Order of this court as follows:

9 1. Terminating the automatic stay of 11 U.S.C. § 362, as it applies to the enforcement by

10 Movant of all of its rights in the Real Property under the Note and the Deed of Trust;

11 2. That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

12 3. Granting Movant leave to foreclose on the Real Property and to enforce the security

13 interest under the Note and the Deed of Trust, including any action necessary to obtain possession of

14 the Property;

15 4. Permitting Movant to offer and provide Debtor with information re: a potential

16 Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss

17 Mitigation Agreement, and to enter into such agreement with Debtor;

18 5. Alternatively, in the event this court declines to grant Movant the relief requested

19 above, Movant requests that an Order for adequate protection be issued, requiring the Debtor to

20 reinstate and maintain in a current condition all obligations due under the Note and Deed of Trust

21 and all other deeds of trust encumbering the Real Property, including Debtor's obligations to pay

22 when due (a) the monthly installments of principal and interest, as required under the Note;

23 (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtor in order to

24 protect Movant's interest in the Real Property, including all attorneys' fees and costs incurred in the

25 filing of this motion;

26 /././

27 /././

28 /././

MOTION FOR RELIEF FROM AUTOMATIC STAY

1    6.    That the attorneys' fees and costs incurred by Movant for filing the instant Motion be

2    included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

3    7.    For such other and further relief as the court deems just and proper.

4    Dated: October 8, 2009                    PITE DUNCAN, LLP

5

6

7                                    /s/ Katherine L. Johnson  CA SBN 249854
                                     KATHERINE L. JOHNSON
8                                    Attorneys for WELLS FARGO BANK, NATIONAL
                                     ASSOCIATION    AS    TRUSTEE    FOR    THE
9                                    CERTIFICATEHOLDERS   OF   STRUCTURED
                                     ASSET MORTGAGE INVESTMENTS II
10                                   INC., GREENPOINT MTA TRUST 2006-AR1,
                                     MORTGAGE PASS-THROUGH CERTIFICATES,
11                                   SERIES 2006-AR1

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-